IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES E. ROOP, ) | |
| ) | |
| Plaintiff, ) | |
| ) Civil Action No. 7:09cv00343 | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) By: Michael F. Urbanski | |
| Commissioner of Social Security, ) United States Magistrate Judge | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff James E. Roop ("Roop") brought this action for review of the Commissioner of Social Security's ("Commissioner") decision denying his claim for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). On appeal, Roop contends that the Administrative Law Judge ("ALJ") erred by finding that he was not entitled to disability benefits because he has engaged in substantial gainful activity working as a sheet metal foreman for a roofing company. Roop contends that he became disabled in May, 2006 due to back and neck pain and migraine headaches. Thereafter, Roop continued to receive pay from his employer at the same rate, although he claims that he could not perform his prior work. Roop concedes that the amount of money he received exceeds the presumptive amount set forth in the regulations for substantial gainful activity ("SGA"), but argues that he only received this pay because of special considerations made by his long term employer and was not, in fact, capable of performing any work. Having reviewed the record, the court finds that there are unresolved questions as to whether Roop was able to engage in SGA, and the ALJ did not fully develop the record on this issue. In particular, the ALJ left unresolved the issue of Roop's substantial absenteeism and its

impact on his ability to engage in SGA, deeming it immaterial. Further, the ALJ did not give Roop an opportunity to present any evidence on his ability to engage in SGA at the administrative hearing, which lasted only two minutes. In short, the administrative record is incomplete and inconclusive as to whether Roop engaged in SGA or whether the monies he was paid by his employer constituted a subsidy which should be deducted for the purpose of applying the earnings guidelines. Because the administrative record is not fully developed, this case will be remanded for further administrative consideration. As such, plaintiff's Motion for Remand (Dkt. #14), which the court construes as a motion for summary judgment, is **GRANTED**, and defendant's Motion for Summary Judgment (Dkt. #7) is **DENIED**.

I

Section 405(g) of Title 42 of the United States Code authorizes judicial review of the Social Security Commissioner's denial of social security benefits. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "'Under the Social Security Act, [a reviewing court] must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct, legal standard.'" Id. (alteration in original) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). "Although we review the [Commissioner's] factual findings only to establish that they are supported by substantial evidence, we also must assure that [his] ultimate conclusions are legally correct." Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).

The court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to satisfy the Act's entitlement conditions.

See Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The "[d]etermination of eligibility for social security benefits involves a five-step inquiry." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). This inquiry asks whether the claimant (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his or her past relevant work; and if not, (5) whether he or she can perform other work. Heckler v. Campbell, 461 U.S. 458, 460-462 (1983); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, he does not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). Once the claimant has established a prima facie case for disability, the burden then shifts to the Commissioner to establish that the claimant maintains the residual functional capacity ("RFC"),[1] considering the claimant's age, education, work

---

[1] RFC is a measurement of the most a claimant can do despite his limitations. See 20 C.F.R. § 404.1545(a). According to the Social Security Administration:

3

experience, and impairments, to perform alternative work that exists in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

## II

Roop was 43 years old on the date of the ALJ's decision, January 27, 2009. Roop served in the military and hurt his back while parachuting. He has worked as a sheet metal worker since 1990, earning $17.50 per hour. (Administrative Record, hereinafter "R." at 108.) Roop claims his back pain got to the point that he "was physically unable to perform all of my duties and could not work full time." (R. 181.) Roop concedes that he has continued to work for McNeil Roofing, Inc. as a sheet metal foreman on a part time basis. (R. 181.) Roop's disability claim was denied initially based on a Physical Residual Functional Capacity Assessment done by Dr. Michael Hartman on April 5, 2007, (R. 16, 307-311), and on reconsideration by Dr. Robert McGuffin on August 31, 2007. (R. 17, 387-93.) An abbreviated administrative hearing was held on October 8, 2008, at which Roop was present and represented by counsel. (R. 12-15.)

In a decision issued on January 27, 2009, the ALJ found at step one that Roop was engaged in SGA as defined in 20 CFR § 404.1520(b), and, as such, may not receive disability benefits. That regulation states that "[i]f you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience." Roop claims that after May 11, 2006, he worked only part time due to back problems and in administrative filings claimed monthly wages ranging from $566 to $813. (R. 109.) As the ALJ explained in his decision, the state

---

> RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule.

Social Security Regulation (SSR) 96-8p. RFC is to be determined by the ALJ only after consideration of all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain). See 20 C.F.R. § 404.1529(a).

agency considered work at this level not to be SGA, but rather an unsuccessful work attempt. Based on reported social security earnings, however, the ALJ found that Roop had earnings far in excess of those amounts, totaling over $20,000 a year for each year through 2008.

Roop indicated in his administrative filings that he was only working one to one and a half days a week and was not physically able to work full time as a sheet metal foreman. (R. 130, 181.) Because of his long history with the company, Roop continued to be paid by McNeil Roofing, which also granted him special accommodations in the form of frequent absences, the ability to leave work early and reduction in duties. Roop presented documentation from McNeil Roofing indicating that he missed 85 days from work in 2007. (R. 187.) At the administrative hearing, the vocational expert ("VE") testified that absences of this magnitude would eliminate the potential job base. (R. 14.)

This testimony from the VE was, in fact, the only evidence presented at the administrative hearing held on October 8, 2008. After the VE responded to two questions from the ALJ, the ALJ asked Roop's counsel to brief the question as to whether Roop's substantial earnings, but limited ability to work, constituted SGA. The ALJ stated that he would hold the record open for another 45 days, and announced that once he received Roop's brief, "we'll go from there and see where we stand." (R. 15.) The hearing was adjourned after two minutes. Roop argues that his ability to present evidence at the hearing was cut off by the ALJ's request that his counsel file a brief. Nor was another hearing convened, despite the ALJ's statement that he would "go from there" once the brief was received.

Roop filed a brief on November 18, 2008. (R. 188.) Attached as Exhibit 1 to that brief was a letter dated November 13, 2008 from Ralph Williamson, Sheet Metal Superintendent at McNeil Roofing, Inc. In that letter, Williamson stated that Roop missed 111 days of work

5

between January and November, 2008. Williamson explained that "[w]e try to schedule him, when we can, to do ground work at our jobsites or working in our shop but most of our work consists of climbing ladders and getting on roofs. Therefore, it is getting difficult to schedule work for him to do because of his pain or because of doctor visits." (R. 199.) It is unclear from this letter whether Roop was being paid more than the value of his work. On its face, the letter appears to suggest that there is less work that Roop can do given his limitations and his inability to climb ladders and work on roofs.

In his decision, the ALJ acknowledged that Roop received special considerations, but concluded as follows:

> [T]here does not exist sufficient evidence to support a conclusion that, even after reducing claimant's work activity by the amount of any subsidy effectively provided by the employer through these special considerations, the value of claimant's work activity does not exceed the amounts prescribed by the Regulations for the years in question.

(R. 31.)

### III

On appeal, Roop argues that the Commissioner erred by finding that he has engaged in SGA and that the case should be remanded for further consideration of his disability claim. There is no dispute that the monies earned by Roop are gainful, as his earnings exceed the Commissioner's guidelines. See 20 C.F.R. § 404.1574(b). Nevertheless, Roop argues that his work cannot be considered to be substantial, defined in the regulations as "work activity that involves doing significant physical or mental activities," 20 C.F.R. § 404.1572, because of his disability and the accommodations provided by his employer.

In determining whether a disability claimant has engaged in SGA, the regulations provide that the Commissioner's "primary consideration will be the earnings you derive from the work

6

activity." 20 C.F.R. § 404.1574(a)(1). The regulations further provide that "[w]e will use your earnings to determine whether you have done substantial gainful activity unless we have information from you, your employer, or others that shows that we should not count all of your earnings. . . . Generally, if you worked for substantial earnings, we will find that you are able to do substantial gainful activity." Id.

While the regulatory scheme applies a presumption to substantial earnings, it allows for a reduction for subsidized work, as follows:

> When your earnings exceed the reasonable value of the work you perform, we consider only that part of your pay which you actually earn. If your earnings are being subsidized, we do not consider the amount of the subsidy when we determine if your earnings show that you have done substantial gainful activity. We consider your work to be subsidized if the true value of your work, when compared with the same or similar work done by unimpaired persons, is less than the actual amount of earnings paid to you for your work. For example, when a person with a serious impairment does simple tasks under close and continuous supervision, our determination of whether that person has done substantial gainful activity will not be based only on the amount of the wages paid. We will first determine whether the person received a subsidy; that is, we will determine whether the person was being paid more than the reasonable value of the actual services performed. We will then subtract the value of the subsidy from the person's gross earnings to determine the earnings we will use to determine if he or she has done substantial gainful activity.

20 C.F.R. § 404.1574(a)(2).

Given the fact that Roop's earnings exceed the presumptive amount for SGA, the issue becomes whether the Commissioner fully developed the record to determine whether all of Roop's earnings should be counted, 20 C.F.R. § 404.1574(a)(1), or whether some should be excluded as a subsidy from his employer. 20 C.F.R. § 404.1574(a)(2).

Case law supports Roop's argument that income in excess of the earnings guidelines does not automatically disqualify a disability claim. Payne v. Sullivan, 946 F.2d 1081, 1083 (4th Cir.

1991). Rather, the Commissioner is required to consider factors such as "the nature of his work and his ability to do that work, including his endurance, his capacity to perform various physical functions, and his work schedule." Id. at 1083; see 20 C.F.R. § 404.1573. No such factors were considered in this case. The ALJ recognized that Roop received "special considerations that are not generally accorded other employees," but no effort was made to determine whether those special considerations eroded the reasonable value of the actual services he performed. Given the fact that Roop missed so many days of work in 2007 and 2008 yet continued to obtain earnings in excess of the presumptive amounts, the ALJ was required to fully examine this issue. Evidence of frequent absences is plainly relevant to this issue and must be explored by the ALJ. Koss v. Schweiker, 582 F. Supp. 518, 521-22 (S.D.N.Y. 1984). "Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" Arnold v. Sec'y of Health, Educ. & Welfare, 567 F.2d 258, 259 (4th Cir. 1977) (quoting Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974)). The record in this case is decidedly thin as to the issue of whether Roop was paid the value of his work or whether his earnings constituted a subsidy. As such, it does not rise to the level of substantial evidence, and this case must be remanded for further administrative consideration. On remand, consideration of the factors set forth in 20 C.F.R. § 404.1573 in conjunction with the earnings guidelines is required, and findings with respect to the question of whether plaintiff's work constituted SGA should "indicate explicitly that all relevant evidence has been weighed and its weight." Stawls v. Califano, 596 F.2d. 1209, 1213 (4th Cir. 1979).

As such, plaintiff's Motion for Remand (Dkt. #14), construed as a motion for summary judgment, is **GRANTED**, and defendant's Motion for Summary Judgment (Dkt. #7) is **DENIED**.

The Clerk of Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

Entered: November 15, 2010.

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States Magistrate Judge